1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  LAUREN M. HARDING (CABN 308029)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6938
7       FAX: (415) 436-7234
        Lauren.Harding@usdoj.gov
8
   Attorneys for United States of America
9
                       UNITED STATES DISTRICT COURT
10
                      NORTHERN DISTRICT OF CALIFORNIA
11
                            SAN FRANCISCO DIVISION
12

13 | UNITED STATES OF AMERICA,           ) **CASE NO. 3:22-mj-70032 MAG**
                                         )
14 |     Plaintiff,                      ) DETENTION ORDER
                                         )
15 |   v.                                )
                                         )
16 | DAMADRE TERXIDOR,                   )
                                         )
17 |     Defendant.                      )
                                         )
18

19      On January 28, 2022, defendant Damadre Terxidor was charged by Complaint with being a felon

20 in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

21      This matter came before the Court on January 28, 2022, for a detention hearing. The defendant

22 was present and represented by Angela Chuang. Assistant United States Attorney Lauren M. Harding

23 appeared for the government. The government moved for detention, and the defendant opposed. Before

24 the hearing, the government filed a detention memorandum and pretrial services filed a report that the

25 Court reviewed before the hearing. *See* Dkt. 5 (Government's Detention Memorandum); Dkt. 6 (Pretrial

26 Services' Report). Defense counsel also submitted a photo before the hearing. At the hearing, counsel

27 submitted proffers and arguments regarding detention.

28      Upon consideration of the facts, filings, proffers, and arguments presented, and for the reasons

stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). The Court makes the following findings as the bases for its conclusion:

(1) The defendant has a history of dangerous conduct involving firearms, including a 2020 conviction with assault with a semiautomatic firearm in violation of California Penal Code § 245(b) for which he was sentenced to six years' imprisonment. The conviction arises from a 2017 incident in which the defendant admitted to driving a car in which passengers shot into a crowd and wounded two victims. His offense occurred in April 2017, approximately two months after being arrested in February 2017 for unlawfully carrying a loaded firearm in public and carrying a concealed weapon in a vehicle.

(2) The defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). According to the affidavit of Officer Patrick Faye, he was arrested on September 23, 2021, outside the federal courthouse and found with a 9mm caliber Glock 43 semiautomatic pistol that was loaded with six 9mm caliber cartridges of ammunition. *See* Dkt. 1, Faye Aff. ¶ 12. The gun was found in a bag on the driver's side, where the defendant had been sitting. *Id.* ¶¶ 9, 12. The defendant later admitted that the gun was his and testing showed "very strong support" that the gun contained his DNA. *Id.* ¶¶ 14, 16. The weight of the evidence thus supports that he possessed a loaded firearm on September 23, 2021.

(3) At the time of the defendant's arrest on September 23, 2021, the defendant was on parole for his 2020 conviction. According to pretrial services, the defendant reported as directed, but was otherwise non-compliant with the conditions of his parole, including by leaving a drug treatment program he was directed to attend.

(4) Approximately one week before the defendant's arrest in September 2021, the defendant was served with a temporary restraining order that restrained him from being within 50 yards of a protected person and prohibited his possession of firearms.

(5) Before the pending federal charges were filed, the defendant faced state court charges for the same underlying conduct.  He was released pretrial on those charges and enrolled in a Home Detention/Electronic Monitoring program.  He repeatedly violated the terms of the program, including by leaving without permission and cutting off his GPS monitor, which was imposed as a condition of his release.  His conduct led the court to revoke his pretrial release twice.

These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: January 31, 2022

HONORABLE SALLIE KIM
United States Magistrate Judge